■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CHISHOLM, Appellant.—Judgment, Supreme Court, Bronx County, rendered December 5, 1974, convicting defendant, upon his plea of guilty, of attempted robbery in the third degree and sentencing him to an indeterminate prison term not exceeding three years, insofar as it imposes sentence, reversed, on the law and as a matter of discretion in the interest of justice, and the case remanded to the Criminal Term of the Supreme Court, Bronx County, for resentencing, and otherwise affirmed. The record discloses, and the People concede, that on the day the guilty plea was entered the prosecutor stated that he would recommend a one-year term of incarceration, but would not oppose a sentence of probation if the court was so disposed on the basis of a favorable presentence probation report. Nevertheless, at sentencing, the prosecutor recommended a three-year prison term; and it was imposed after defendant refused an offer to withdraw his plea. Several hours thereafter the prosecutor conceded the inappropriateness of his having altered the agreed upon recommendation and requested that the sentence be vacated. This was done; and defendant afforded the choice of either withdrawing his guilty plea or having the matter sent before another

Judge for resentencing with the promise fulfilled. Defendant refused both options and was again sentenced to an indeterminate three-year term. Although the court and the prosecutor tried to rectify the initial error, it appears that defendant misunderstood the prosecutor's position on resentencing and thought it entailed a requirement that the plea first be withdrawn. Accordingly, and in view of such apparent misinterpretation, we remand for resentencing before a different Judge; at which time the District Attorney represents that he will make the recommendation originally promised. Concur—Stevens, P. J., Murphy, Lupiano and Lane, JJ.; Nunez, J., dissents in the following memorandum: Nunez, J. (dissenting). I would affirm. Only several hours after the defendant was sentenced to a three-year term, defendant was returned to court at the request of the District Attorney. His three-year sentence was vacated. The defendant was then given the option of either withdrawing his guilty plea or having the matter sent to another Judge for sentence. The court was not bound to follow the District Attorney's recommendation of a one-year sentence. The Presiding Justice denied having made any sentence commitment, but even if he had, he was entitled to change his mind after considering the probation report. *(People v Selikoff,* 35 NY2d 227.) Nor do I perceive any reason why this defendant who pled guilty to a successful armed robbery should receive a one-year sentence. I find no justification whatever, after a careful examination of the record, for the statement in the majority that defendant misunderstood the prosecutor's position on resentence.